Kevin J. Hamilton (Wash. Bar #15648)
KHamilton@perkinscoie.com
(*Pro Hac Vice* Application To Be Filed)
Marc Erik Elias (D.C. Bar #442007)
MElias@perkinscoie.com
(*Pro Hac Vice* Application To Be Filed)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, District of Columbia  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211
DocketPHX@perkinscoie.com
Attorneys for Plaintiffs

Sambo Dul (SBA #030313)
Alexis E. Danneman (SBA #030478)
Thomas D. Ryerson (SBA # 028073)
Joshua L. Boehm (SBA # 033018)
PERKINS COIE, LLP
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602-351-8222
sdul@perkinscoie.com
adanneman@perkinscoie.com
tryerson@perkinscoie.com
jboehm@perkinscoie.com
docketphx@perkinscoie.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Democratic Party and the Democratic National Committee,<br><br>    Plaintiffs,<br><br>  v.<br><br>Michele Reagan, Arizona Secretary of State,<br><br>    Defendant. | No.<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

133291098.4

Plaintiffs the Arizona Democratic Party ("ADP") and the Democratic National Committee ("DNC") (collectively, "Plaintiffs"), by and through their undersigned attorneys, file this Complaint for Injunctive and Declaratory Relief against Defendant Michele Reagan, in her official capacity as the Secretary of State of the State of Arizona ("Defendant" or "Secretary"). Upon information and belief, Plaintiffs allege the following:

**NATURE OF THE CASE**

1. The right to vote is "a fundamental matter in a free and democratic society." *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 667 (1966) (citation and quotation marks omitted). "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Plaintiffs bring this lawsuit to protect this most precious of rights.

2. A substantial number of Arizona voters are at risk of unlawful disenfranchisement in the November 8, 2016 General Election ("November 8 Election") due to Defendant's insistence that this year's voter registration deadline fall on October 10, 2016, a federal and state holiday (Columbus Day).

3. Because the deadline fell on a holiday, and the final day of a three-day weekend, many of the typical and most popular avenues for registration used by Arizona voters—including in-person registration at motor vehicle offices and registration by postmarking registration forms in the U.S. Mail—were simply unavailable on October 10 (a holiday). The post office was also closed on Sunday, October 9, and Motor Vehicle Department ("MVD") offices were closed on October 8 and 9 for the weekend. Accordingly, for a significant number of voters who tried to register on or shortly before the registration deadline, the promise of being able to register on that date was illusory.

4. Arizona's registration deadline of October 10, 2016 violates the National Voter Registration Act ("NVRA"), the First and Fourteenth Amendments of the United

States Constitution, and Arizona state law.

5. In light of the foregoing, a substantial number of voters are at immediate risk of unlawful and unnecessary disenfranchisement in the November 8 Election. To avoid such irreparable injury, this Court should enjoin Defendant from disqualifying any eligible voter from voting a regular ballot in the November 8 Election if the voter submitted an otherwise valid voter registration application before midnight on October 11, 2016. These voters should not be turned away at the polls, but instead allowed to exercise their fundamental right to vote.

**JURISDICTION AND VENUE**

6. Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under the color of state law of rights secured by the U.S. Constitution, as well as 52 U.S.C. § 50210 to remedy Defendant's violations of the NVRA.

7. This Court has jurisdiction to hear Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1357, and 1367.

8. This Court has jurisdiction over Defendant, as she is sued in her official capacity as an elected official in Arizona or Maricopa County. Further, Defendant works or resides in the State of Arizona.

9. Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and in this division.

10. This Court has the authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Further, this Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure.

**PARTIES**

11. Plaintiff Arizona Democratic Party is a state committee, as defined by 52 U.S.C. § 30101. ADP's purpose is to elect candidates of the Democratic Party to public office throughout the State of Arizona. To accomplish this purpose, ADP engages in

1  vitally important activities, including supporting Democratic Party candidates in national,
2  state, and local elections through fundraising and organizing efforts; protecting the legal
3  rights of voters; and ensuring that all voters have the meaningful ability to cast ballots in
4  Arizona. ADP has members and constituents from across Arizona, including many voters
5  who regularly support and vote for candidates affiliated with the Democratic Party, as
6  well as voters who would do so but for the unconstitutional procedure challenged in this
7  litigation.

8        12.    Defendant's refusal to extend the voter registration deadline, as required by
9  both state and federal law and the U.S. Constitution, has disenfranchised voters who
10 registered or attempted to register on October 11, 2016. It is likely that citizens who
11 would have registered as Democrats or voted for Democrats registered on October 11 ,
12 thereby decreasing the overall likelihood that ADP will be successful in its efforts to help
13 elect Democratic candidates to public office. The Arizona Democratic Party brings these
14 claims on behalf of those citizens, as well as in its own right.

15       13.    Plaintiff the Democratic National Committee is a national committee, as that
16 term is defined and used by 52 U.S.C. §30101, dedicated to electing local, state, and
17 national candidates of the Democratic Party to public office throughout the United States.
18 The DNC has members and constituents across the United States, including voters in
19 Arizona. To accomplish its mission, among other things, the DNC works closely with
20 Democratic public officials and assists state parties and candidates by contributing money;
21 making expenditures for their benefit; and providing active support through the
22 development of programs benefiting Democratic candidates.

23       14.    Defendant's refusal to allow those who registered on October 11, 2016 to
24 vote in the November 8 Election also directly harms the DNC, its members, and
25 constituents. It is likely that citizens who would have registered as Democrats or voted for
26 Democrats registered on October 11, 2016. As a result, the Defendant's decision further
27 decreases the likelihood that the DNC will be successful in its efforts to help elect
28 candidates of the Democratic Party to public office.

15. Defendant Michele Reagan is the Secretary of State for the State of Arizona and is the Chief Elections Officer for Arizona. A.R.S. § 16-142. As Arizona's Chief Elections Officer, the Secretary is responsible for overseeing the voting process in Arizona, and is empowered with broad authority to carry out that responsibility. The Secretary is sued in her official capacity for actions taken under color of state law.

## STATEMENT OF FACTS

16. This year, Defendant, in her official capacity as the Arizona Secretary of State, set the voter registration deadline on October 10, 2016 and instructed Arizona's County Recorders to use that date as the last day Arizona residents may register to be eligible to vote in the November 8 Election.

17. Under Arizona law, when the deadline to perform a function falls on a holiday, performance is deemed within the deadline if done on the next business day. *See* A.R.S. § 1-303 ("[I]t may be performed on the next ensuing business day with effect as though performed on the appointed day."); *see also* A.R.S. § 1-243(A).

18. Thus, prospective Arizona voters who registered on October 11, 2016, the next business day after Columbus Day, should be deemed eligible to vote in the November 8 Election.

19. In the weeks prior to the registration deadline, Plaintiffs and others wrote to relevant Arizona state and county officials asking them to confirm and clarify to voters that they could register for the November 8 Election up to and including October 11, 2016.

20. But these simple requests to comply with state law were met with near universal refusal. With the exception of just one county recorder, in Mohave County, all Arizona county recorders relied on the October 10, 2016 deadline set by the Secretary in refusing to entertain any deadline extension.

21. The Arizona Attorney General's office refused to provide a legal opinion confirming that voters could register on October 11, 2016 and asserted—notwithstanding the plain and contrary text of A.R.S. § 1-303—that the Secretary's October 10, 2016 deadline was a permissible exercise of discretion.

22.     Plaintiffs had informed relevant Arizona state and county officials that, even if certain registration options (such as online registration) remained available on Columbus Day, some of the most popular, and federally mandated, options would not be.

23.     Historically, over 40% of voter registration applications in Arizona are submitted either through the U.S. Mail or in-person at MVD offices. Neither of those options were available on Columbus Day, since post offices and MVD offices were closed.

24.     The Secretary's own statistics further underscored the importance of an unambiguous deadline with all registration options available. Those statistics showed that over the previous three presidential election cycles, the top three days in Arizona voter registration volume were the three registration deadline dates for those cycles: 21,442 voters in 2004, 38,872 voters in 2008, and 24,390 voters in 2012. These numbers demonstrate that voters often wait until the deadline to register. Therefore, the fact that the Secretary's imposed deadline fell on a federal and state holiday, when not all registration options were available and the postal service and other government services and offices were closed, significantly impacts Arizonans' ability to register in time for the November 8 Election.

25.     By refusing to extend the registration deadline, Defendants needlessly, predictably and unlawfully prevented many Arizona citizens from exercising their fundamental right to vote.

26.     Moreover, the State's online registration option was only available to residents with a driver's license and internet access. Therefore, this option was unavailable to many Arizona citizens, a disproportionate share of whom are racial or language minorities.

27.     Arizonans who are new citizens, many of whom are also racial and language minorities, experienced serious problems registering both online and at MVD offices due to their recent citizenship status.  The MVD records for these voters did not accurately reflect their U.S. citizenship, so they were unable to register online using their MVD-issued driver's license numbers.  They were also unable to go to the MVD office to

correct their citizenship status because those offices were closed on Columbus Day.

28. Plaintiff ADP kept its field offices open throughout Columbus Day to collect in-person registrations, but these efforts were too little, too late, given the widespread confusion as to what registration options were available on that day.

29. On October 11, 2016, Plaintiff ADP had a number of Arizonans show up to its field offices seeking to register to vote for the upcoming election. They came wanting to register, and Plaintiff ADP helped them do so, but based on the deadline the Secretary imposed, they were too late to be eligible to vote in the November 8 Election. These Arizonans were understandably frustrated and disappointed to learn that they would be turned away at the polls in the upcoming election.

## CLAIMS FOR RELIEF

## COUNT I

### (Violation of the National Voter Registration Act)

30. Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and in the paragraphs in the counts below as though fully set forth herein.

31. The purpose of the National Voter Registration Act ("NVRA") is to, among other things, "establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office." 52 U.S.C. § 20501(b)(1).

32. To accomplish this, the NVRA requires that states provide for voter registration via several methods: registration with an application for a driver's license, 52 U.S.C. § 20504; registration by mail, 52 U.S.C. § 20505; and in-person registration at registration sites or government offices, 52 U.S.C. § 20506.

33. Section 8 of the NVRA, 52 U.S.C. § 20507(a)(1), requires each state to ensure that an eligible applicant is registered to vote in an election if "the valid voter registration form of the applicant" is: i) "submitted to the appropriate State motor vehicle authority;" ii) "postmarked;" iii) "accepted at the voter registration agency;" or iv) otherwise "received by the appropriate State election official . . . not later than the lesser

1  of 30 days, or the period provided by State law, before the date of the election." 52
2  U.S.C. § 20507(a)(1)(A)-(D).

3  34. Arizona law requires that voter registration forms be "received . . . prior to
4  midnight of the twenty-ninth day preceding the date of the election." A.R.S. § 16-120.
5  Twenty-nine days before the November 8 Election is October 10, 2016, which is
6  registration deadline the Secretary had set. Because that date fell on Columbus Day, it was
7  impossible for Arizonans to register using certain NVRA-mandated methods. For
8  example, MVD and post offices were closed on Columbus Day. Post offices were also
9  closed on October 9, 2016 because it was a Sunday. MVD offices were also closed on
10 October 8 and October 9 because it was the weekend. Therefore, Arizonans were required
11 to register to vote via mail, by the latest, Saturday, October 8, 2016, and at the MVD by
12 Friday, October 7. These "shadow deadlines" were 31 and 32 days before the November 8
13 Election, respectively, and both violate the NVRA. *See* 52 U.S.C. § 20507(a)(1).

14 35. Put differently, given that 29 days before the November 8 Election falls on
15 Columbus Day, the first available day to require a voters to register through the NVRA
16 methods that is "not later" than 29 days before the election is Tuesday, October 11, 2016.
17 Accordingly, Arizona's insistence that voters who registered by October 11, 2016 may not
18 vote in the November 8 Election is inconsistent with, and a violation of, the NVRA.

**COUNT II**

**(Undue Burden on the Right to Vote in Violation of the First Amendment and
the Equal Protection Clause of the Fourteenth Amendment)**

22 36. Plaintiffs reallege and incorporate by reference all prior paragraphs of this
23 Complaint and the paragraphs in the counts below as though fully set forth herein.

24 37. Under the First Amendment and the Equal Protection Clause of the
25 Fourteenth Amendment, a court considering a challenge to a state election law must
26 carefully balance the character and magnitude of the injury to First and Fourteenth
27 Amendment rights that the plaintiff seeks to vindicate against the justifications put
28 forward by the state for the burdens imposed by the rule. *See Burdick v. Takushi*, 504 U.S.

428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

38. The court "must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 789).

39. Unless Plaintiffs are granted the relief requested, the right to vote of many Arizonans, including Plaintiff's members and constituents, will be severely burdened in the November 8 Election.

40. Many registration options were closed to registrants on October 10, 2016. Again, historically, over 40% of voter registration applications in Arizona are submitted either through the U.S. Mail or in-person at MVD offices. None of those options were available on Columbus Day, since MVD and post offices were closed. That Arizona allowed individuals to register online on October 10, 2016 does not sufficiently mitigate this burden.

41. The State has not provided any colorable justification for its refusal to extend the voter registration deadline to comply with state and federal law.

## COUNT III

**(Violation of Arizona Statutory Law Applicable to Voting Registration)**

42. Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

43. As a general matter, voter registrations in Arizona state elections must be "received by the county recorder. . . prior to midnight of the twenty-ninth day preceding the date of the election," which was October 10, 2016 for this cycle. A.R.S. § 16-120.

44. But because October 10 was a state holiday, Columbus Day, Arizona law required that voting registration could be performed this cycle "on the next ensuing business day," October 11, 2016. A.R.S. § 1-303.

1    45.   Under long-standing Arizona executive and judicial authority, it is clear that the deadline extension under A.R.S. § 1-303 applies to election statutes such as A.R.S. § 16-120. *See* Ariz. Att'y Gen. Op. No. 58-74 (1958); *Dedolph v. McDermott*, 230 Ariz. 130, 132 (2012).

46.   In violation of Arizona law, Defendant refused to clarify and ensure, in her capacity as chief election officer of the State, that Arizona voter registrations this cycle would be processed through October 11, 2016.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court enter judgment:

A.   Declaring that all otherwise eligible Arizona voters who submitted a valid voter registration application, through any acceptable means, before midnight on October 11, 2016 are eligible to vote in the November 8 Election;

B.   Preliminarily and permanently enjoining Defendant from disqualifying any Arizona voter from voting a regular ballot in the November 8 Election solely because he or she did not register by October 10, 2016, if he or she submitted a valid voter registration application before midnight on October 11, 2016 and is otherwise eligible to vote;

C.   Requiring Defendant to ensure that voter registration applications submitted before midnight on October 11, 2016 are processed in time for eligible voters to be able to vote a regular ballot in the November 8 Election;

D.   Requiring Defendant to identify all eligible Arizona voters who submitted a voter registration application at any time October 11, 2016, and notify such voters that they are eligible to vote in the November 8 Election by: (1) mailing a notice to each voter's current residential address (post-marked as soon as possible but, in any event, no later than November 1, 2016); and (2) posting a prominent notice to this effect on Defendant's website;

E.   Requiring Defendant to provide to Plaintiffs (as soon as possible but, in any event, no later than November 1, 2016) a list of all eligible Arizona voters who submitted

1 | a voter registration application at any time on October 11, 2016;

2 |     F.    Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees

3 | pursuant to, *inter alia*, 42 U.S.C. §1988 and other applicable laws; and

4 |     G.    Granting such other and further relief as the Court deems just and proper.

Dated: October 19, 2016        **PERKINS COIE LLP**

By:/s/ Sambo Dul
    Sambo Dul (SBA #030313)
    Alexis E. Danneman (SBA #030478)
    Thomas D. Ryerson (SBA # 028073)
    Joshua L. Boehm (SBA # 033018)
    PERKINS COIE, LLP
    2901 N. Central Avenue, Suite 2000
    Phoenix, Arizona  85012-2788

**VERIFICATION**

Spencer G. Scharff, declares that he is the Voter Protection Director for the Arizona Democratic Party, and that he is authorized to make this verification for and on behalf of the Arizona Democratic Party; that he has read the foregoing Verified Complaint for Injunctive and Declaratory Relief, and knows the contents thereof; and that the same is true of his own knowledge except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, he believes them to be true.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Dated this 19th day of October, 2016.

_____
Spencer G. Scharff

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on October 19, 2016, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

<u>s/ Indy Fitzgerald</u>