MARK BRNOVICH
Attorney General
Firm Bar No. 14000
Kara M. Karlson (029407)
Jennifer M. Perkins (023087)
Assistant Attorneys General
1275 W. Washington Street
Phoenix, AZ  85007
Telephone (602) 542-4951
Facsimile (602) 542-4385
kara.karlson@azag.gov
jennifer.perkins@azag.gov

*Attorneys for Defendant Secretary of State Michele Reagan*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Democratic Party and the Democratic National Committee,<br><br>Plaintiffs,<br><br>v.<br><br>Michele Reagan, Secretary of State,<br><br>Defendant. | Case No. CV-16-03618-PHX-SPL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD** |

Defendant the Arizona Secretary of State ("Secretary") does not oppose Plaintiffs' motion to supplement the record. The Secretary disagrees with Plaintiffs' mischaracterization of her position based on the proposed supplement. To be clear: the Secretary's position with regard to the Plaintiffs' requested relief has not changed.

In providing context to the Secretary's public statement assuring the public of her ongoing efforts on citizens' behalf, two crucial facts remain static. ***First***, the potential harm to the counties and likely impossibility of compliance has only increased with the passage of time. Polls open less than eight days from now, and physical

delivery of polling materials has already commenced. Counties obligated to backtrack on their work of the past two weeks is certain to negatively impact the operation of the 2016 General Election. The Secretary through her public statement on October 28, 2016, intended to convey her recognition that, despite the delayed timing, the impossibility of achieving Plaintiffs' sought ends, and the substantial harm to non-party counties, this Court may nonetheless choose to issue an order granting Plaintiffs' request. Should that occur, the Secretary has "hope" that in response to her resulting advice the counties will be able to carry out the Court's order. In other words, the Secretary's intent was to make an aspirational statement that, should she receive an adverse ruling in this matter, she would do her utmost to comply.[1]

***Second***, the evidence that Plaintiffs propose to introduce does not change the fact that the Secretary lacks authority to bind the county recorders, who actually control the voting registries for their counties. And because the Secretary lacks power to force the county recorders to admit voters to their rolls, she is not the necessary party and this Court is "powerless" to grant the relief the Plaintiffs request. *Citizens Alert Regarding the Env't v. U.S. E.P.A.*, 259 F. Supp. 2d 9, 17 (D.D.C. 2003), *aff'd sub nom. Citizens Alert Regarding Env't v. E.P.A.*, 102 F. App'x 167 (D.C. Cir. 2004).

As noted in the Secretary's sur-reply, Doc. 29, *Southern Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614-15 (9th Cir.1980), is on all fours with this matter. The plaintiffs in that case failed to sue the parties who had power to enforce the law that they alleged caused them injury; and, absent those parties being joined, the court was powerless to grant relief. *Accord Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011) ("A court's judgment binds only the parties to a suit, subject to a handful of discrete and

---

[1] Given the narrow timeframe for preparation of this response, undersigned counsel did not obtain a sworn statement from the Secretary or her representative with regard to her intent in issuing the October 28, 2016, press release. Counsel instead avows to the Court through her signature on this document that all representations herein regarding the Secretary's intent, position, and beliefs are made after consultation with Elections Director Eric Spencer and his confirmation as to these representations.

limited exceptions."); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41 ("a federal court (can) act only to redress injury that fairly can be traced to the challenged action of the defendant"); *ESP Fid. Corp. v. Dep't of Hous. & Urban Dev.*, 512 F.2d 887, 890 (9th Cir. 1975) (noting with approval that the court below declined to issue an injunction against two non-parties because they "have not been named parties herein and have not been served."); *Citizens Alert Regarding the Env't*, 259 F. Supp. at 17 (federal courts are "powerless" to issue injunctions against non-parties).

As the Secretary noted in her sur-reply, Doc. 29 at 7, the County Recorders are the officials charged with creating the official voter rolls and precinct lists, not the Secretary. Arizona law gives the County Recorders, not the Secretary, the authority to determine who is a registered voter. A.R.S. § 16-168(A). Even if this Court orders the Secretary to admit voters to the voter registries, the Secretary has no authority to guarantee compliance. She can ask the County Recorders to add names to the official Election Day precinct lists; she can even tell the County Recorders that she "hopes" they will do so. But she cannot force them to do so, because Arizona law does not provide her that power. This was evident when Mohave County officials informed the Plaintiffs that, despite the Secretary's insistence that October 10, 2016 was the voting registration deadline, Mohave County would comply with Plaintiffs' demand and accept registrations on October 11. Em. TRO, Doc. 2, 3. That could not happen if the Secretary had power to force the County Recorders to abide by her instructions with regard to who is, and is not, a registered voter.

Because the Secretary lacks that authority, her opinion is just like that of the attorney general in *Southern Pacific*: it might be persuasive to the county recorders, but it is not binding upon them. County Recorders can choose to ignore the Secretary's guidance—and they very well may do so since the Maricopa County Recorder's office has already provided testimony as to the logistical nightmare an adverse decision will cause this close to the election. Doc. 29-4, Ex. D. As a result, an injunction against the Secretary will not redress Plaintiffs' injury.

Nothing about Plaintiffs' proposed supplement alters this fact.

RESPECTFULLY SUBMITTED this 31st day of October, 2016.

        MARK BRNOVICH
        Attorney General

        By: s/ Jennifer M. Perkins
        Kara Karlson
        Jennifer M. Perkins
        Assistant Attorneys General
        1275 West Washington Street
        Phoenix, Arizona 85007
        *Attorneys for Defendant Secretary of State Michele Reagan*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.

                                               s/ Maureen Riordan

#5416494