MARK BRNOVICH
Attorney General
Firm Bar No. 14000
Kara M. Karlson (029407)
Jennifer M. Perkins (023087)
Assistant Attorneys General
1275 W. Washington Street
Phoenix, AZ  85007
Telephone (602) 542-4951
Facsimile (602) 542-4385
kara.karlson@azag.gov
jennifer.perkins@azag.gov

*Attorneys for Defendant Secretary of State Michele Reagan*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Arizona Democratic Party and the Democratic National Committee,<br><br>Plaintiffs,<br><br>v.<br><br>Michele Reagan, Secretary of State,<br><br>Defendant. | Case No. CV-16-03618-PHX-SPL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY RELIEF SOUGHT** |

Defendant the Arizona Secretary of State ("Secretary") respectfully requests that this Court deny the Motion to Modify Relief Sought filed by Plaintiffs the Arizona Democratic Party and the Democratic National Committee ("Plaintiffs"). Plaintiffs request relief that the Secretary is simply not authorized to provide.  What's more, because of Plaintiffs' inexplicable delay in bringing this suit, there is also no way to create a process that would allow the Secretary to comply with Plaintiffs' new requests less than one week before Election Day.

Plaintiffs have been repeatedly notified that Arizona Counties are indispensable parties under Fed. R. Civ. P. 19. Plaintiffs have both refused to add the Counties as parties and failed to explain why the Counties should not be included when they are the agency charged under Arizona law with registering voters A.R.S. §§ 16-161, -163(A); verifying registrations, A.R.S. § 16-166(E); preparing precinct lists A.R.S. § 16-168(A); and counting votes A.R.S. §§ 16-531, -601, among other things.

Two weeks after they filed their Complaint and a full week after briefing was completed and submitted to this Court for a decision, Plaintiffs belatedly file this motion asking that the Court order the Secretary to: 1. Count provisional ballots cast by people who did not register to vote until after the state-wide deadline; and 2. notify late registrants by mail that they are eligible. In asking the Court to order the Secretary to make sure the provisional ballots are counted, Plaintiffs seek relief that is entirely outside the Secretary's purview. *See* A.R.S. § 16-621(A) ("All proceedings at the counting center shall be under the direction of the board of supervisors . . .").

In accordance with state law, a provisional ballot will be provided to a voter under the following six circumstances: (1) the voter has not provided sufficient identification at the polling location; (2) the voter's name does not appear on precinct list and the voter has not moved; (3) the voter has moved; (4) the voter has already been issued an early ballot; (5) the voter has changed his or her name; and (6) the voter is challenged at the polling place. A.R.S. § 16-584(E), Ariz. Elec. P. Man. at 151. Voters who registered after the voter registration cut-off are not provided early ballots. A.R.S. § 16-584(E).

As part of their vote-counting duties, County Recorders[1] are responsible for: (1) comparing the signature on the provisional ballot with their voter registration record; (2) verifying the provisional ballot had not already cast an early ballot; (3) retaining the list of qualified provisional voters to add to the voter registration rolls; and (4) delivering provisional ballots of qualified voters to the County Board of Supervisors. A.R.S. §§ 16-604, -621, and -606; *see also* Ariz. Elec. P. Man. at 182-88. The Board of Supervisors appoints the election boards made up of elections officials of different political parties to process provisional ballots. The election boards are responsible for verifying, separating, and counting all qualified provisional ballots. A.R.S. §§ 16-135(D) and 16-584.

The Secretary of State is not involved in any of these procedures, and cannot modify the Elections Procedures Manual at this time to insert herself into this process at this late date for reasons that have already been fully briefed for this Court. Doc. No. 14 at 3-6; Doc. No. 29 at 6-11 (explaining that the Secretary does not have the authority to provide the relief sought).

The complexities of state elections procedures, and the difficulties and logistical problems and voter-confusion created when states are forced to modify them on the eve of the election, are the precise reason the Supreme Court cautioned against federal courts invalidating election laws immediately prior to elections. *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). Even before the *Purcell* decision, courts recognized that it was problematic to enjoin elections procedures too close to the election itself. The Ninth Circuit noted that fact in *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003), explaining that "[t]he decision to enjoin an impending election is so serious that the Supreme Court has allowed elections to go forward even in the face

---

[1] County Recorders accomplish this task through the appointment of Election Boards and Tally Boards pursuant to State law. A.R.S. §§ 16-531 through -537.

of an undisputed constitutional violation." (*citing Ely v. Klahr*, 403 U.S. 108, 113, 115 (1971); *Whitcomb v. Chavis*, 396 U.S. 1055 and 396 U.S. 1064 (1970); *Kilgarlin v. Hill*, 386 U.S. 120 (1967)).  And the Ninth Circuit relied on *Purcell* when declining to enjoin Montana's election law some three weeks before the election.  *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012) (relying on *Purcell* and explaining that "given the imminent nature of the election, we find it important not to disturb long-established expectations that might have unintended consequences").  Here, we are a mere *six days* away from the election.  *Purcell*, *Southwest Voter Registration*, and *Lair* counsel this Court not to disturb Arizona's election procedures.

This Court should deny the Plaintiffs' motion to modify relief, as well as their motion for preliminary injunctive relief.

RESPECTFULLY SUBMITTED this 2nd day of November, 2016.

        MARK BRNOVICH
        Attorney General

        By: s/ Kara Karlson
        Kara Karlson
        Jennifer M. Perkins
        Assistant Attorneys General
        1275 West Washington Street
        Phoenix, Arizona  85007
        *Attorneys for Defendant Secretary of State Michele Reagan*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the EM/ECF registrants.

s/ Susan Peterson

5423373